UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE O. MITCHELL,

                Plaintiff,

   v.

KELLY J. CUNNINGHAM, DR. THOMAS, BELL, RANDAL GRIFFITH, CHRISTINE HAUETER, and PAUL TEMPOSKY,

                Defendants.

No. C12-5403 BHS/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Presently before the Court for review is Plaintiff's proposed "Complaint for Medical Negligence and Damages". ECF No. 4. The Court will not direct service of Plaintiff's complaint at this time because it is deficient, as is explained in further detail below. Plaintiff will be given an opportunity to amend his complaint.

**DISCUSSION**

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. WRIGHT & A. MILLER, Federal Practice and Procedure, s 1357 at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua*

ORDER TO AMEND OR SHOW CAUSE- 1

*sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)). The Court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Accordingly, while the Court finds that dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Plaintiff an opportunity to file a response or file an amended complaint.

Although Plaintiff notes in the caption of his complaint that he is suing for "violations of Title 42 U.S.C. § 1983, § 1988", Plaintiffs alleges only claims for medical negligence in his complaint. ECF No. 4, at 8.

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir.1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he

ORDER TO AMEND OR SHOW CAUSE- 2

suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

The Eighth Amendment proscribes deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To establish "deliberate indifference," a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. *Id*. at 104. A determination of "deliberate indifference" involves an examination of two elements: (1) the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992).

In order to establish deliberate indifference there must first be a purposeful act or failure to act on the part of the defendant. *Id*. at 1060. A difference of opinion between a prisoner and medical authorities regarding proper medical treatment does not give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir.1981). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988). Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. *McGuckin*, 974 F.2d at 1060; *Shapely v. Nevada Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir.1985).

In addition, Plaintiff is not an attorney and is therefore not entitled to attorney's fees even if he prevails in his civil rights action. *See Gonzalez v. Kangas,* 814 F.2d 1411 (9th Cir. 1987). Therefore, his claim under 42 U.S.C. § 1988 is without merit.

ORDER TO AMEND OR SHOW CAUSE- 3

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **June 29, 2012.** If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. The complaint must allege in specific terms how each named defendant is involved. The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief. Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be

ORDER TO AMEND OR SHOW CAUSE- 4

clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. **Plaintiff is advised that he should make a short and plain statement of claims against the defendants. He may do so by listing his complaints in separately numbered paragraphs. He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **June 29, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

//

//

ORDER TO AMEND OR SHOW CAUSE- 5

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

   **DATED** this  22nd   day of May, 2012.

                                        /s/ Karen L. Strombom
                                        Karen L. Strombom
                                        United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6