UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE O. MITCHELL,

Plaintiff,

v.

KELLY J. CUNNINGHAM, DR. THOMAS, BELL, RANDAL GRIFFITH, CHRISTINE HAUETER, and PAUL TEMPOSKY,

Defendants.

No. C12-5403 BHS/KLS

ORDER GRANTING EXTENSION OF TIME, DENYING MOTION FOR COUNSEL, AND CLARIFYING COURT'S ORDER TO SHOW CAUSE

By Order dated May 22, 2012, Plaintiff was ordered to show cause why this matter should not be dismissed or, alternatively to file an amended complaint curing the deficiencies outlined in the Court's order. ECF No. 5. Plaintiff was given a deadline of June 29, 2012. *Id.* On June 25, 2012, Plaintiff filed a "Motion to Modify Order, Request Counsel and Extension of Time". ECF No. 6. Plaintiff requests a thirty day extension of time to amend his complaint, the appointment of counsel, and a clarification of the standard applicable to his claim of inadequate medical care. The Court finds that Plaintiff's request for an extension of time shall be granted but that his motion for counsel shall be denied. A clarification of the standard applicable to a civilly committed person's right to medical care is set forth below.

**DISCUSSION**

**A. Request for Counsel**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S.*

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn*, 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that he is not absolutely confident that he understands how to articulate his medical claims and asks that the Court consider appointment him an attorney. Plaintiff filed his complaint *pro se* and has demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable to this Court. The Court has declined to serve Plaintiff's complaint at this time as it is deficient, but Plaintiff is being given an opportunity to amend his complaint. Based on

Plaintiff's allegations, however, the Court notes that this is not a complex case involving complex facts or law. In addition, Plaintiff presents no evidence to show that he is likely to succeed on the merits of his case.

While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant. Concerns regarding investigation, access to legal resources or examination of witnesses are not exceptional factors, but are the type of difficulties encountered by many pro se litigants. Plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel. Accordingly, his motion for counsel shall be denied.

**B. Right to Medical Care of Civilly Committed Person**

Plaintiff states that he does not want to amend without "first clearing-up a grave error in the legal standard" articulated by this Court. Plaintiff is a resident at the Special Commitment Center (SCC), a total confinement treatment facility for persons committed or detained as sexually violent predators (SVPs) pursuant to Wash. Rev. Code 71.09.

Although civil detainees' medical care claims must be evaluated under Fourteenth Amendment principles, "the Eighth Amendment still provides a floor for the level of protection that SVPs must receive ... and because the contours of the Eighth Amendment are more defined, Eighth Amendment jurisprudence may provide helpful guidance as to the standards to be applied." *Hubbs v. County of San Bernardino*, 538 F.Supp.2d 1254, 1266 (C.D.Cal.2008). Under the Eighth Amendment, deficiencies in medical care rise to the level of an Eighth Amendment claim only when they rise to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The plaintiff must show a serious medical need by demonstrating that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the

plaintiff must show that defendants' response to the need was deliberately indifferent. The second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006).

"Denial of medical attention to prisoners constitutes an Eighth Amendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoner." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). Deliberate indifference occurs when prison officials deny, delay or intentionally interfere with medical treatment or in the way in which prison officials provide medical care. *McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir.1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997).

Civilly committed SVPs may be entitled to a higher degree of protection than provided by the deliberate indifference standard. *See Hydrick v. Hunter*, 500 F.3d 978, 994 (9th Cir.2007), *judgment vacated on other grounds by Hunter v. Hydrick*, --- U.S. ----, 129 S.Ct. 2431, 174 L.Ed.2d 226 (2009) ( "[T]he rights afforded prisoners set a floor for those that must be afforded SVPs"). A civilly committed person's claim that his *medical* care violated constitutional standards may be governed by the "professional judgment" standard set forth in *Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) (the right to medical care was not at issue in *Youngberg*). In *Youngberg*, the Supreme Court first recognized that involuntarily committed persons have a constitutional right to "minimally adequate or reasonable training to ensure safety and freedom from undue restraint." *Youngberg*, 457 U.S. at 319. The

Court, however, cautioned against imposing expansive obligations on the states in their care of such persons: “the Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made.” *Id.* at 321. The *Youngberg* Court also explained that interference by the federal judiciary with the internal operations of these institutions should be minimized and that a decision, if made by a professional, is presumptively valid. *Id.* “[L]iability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.” *Id.* at 322-23.

Under both the “professional judgment” and the “deliberate indifference” standards, mere negligence or medical malpractice does not violate the Constitution. *See*, *Estelle*, 429 U.S. at 106; *Patten v. Nichols*, 274 F.3d 829, 842–43 (4th Cir.2001) (applying *Youngberg* “professional judgment” standard to a denial of medical care claim by a civilly committed psychiatric patient and holding that more than negligence is required).

In this case, Plaintiff alleges only that “SCC defendant physicians and SCC medical personnel” were negligent. Thus, his allegations would not support a claim of constitutional violation under either the “professional judgment” or the “deliberate indifference” standard.

Accordingly, it is **ORDERED:**

(1) Plaintiff must show cause or file his amended complaint on or before **August 3, 2012.** Plaintiff is cautioned that if he fails to show cause or amend his complaint by **August 3, 2012**, the Court will recommend dismissal of this action as frivolous.

(2) The Clerk is directed to send to Plaintiff a copy of this Order and a copy of the Court's Order dated May 22, 2012 (ECF No. 5).

**DATED** this 23rd day of July, 2012.

Karen L. Strombom
United States Magistrate Judge