UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE O. MITCHELL,<br><br>                    Plaintiff,<br><br>     v.<br><br>STATE OF WASHINGTON, KELLY J. CUNNINGHAM, THOMAS BELL, RANDALL GRIFFITH, CHRISTINE HAUETER,<br><br>                    Defendants. | No. C12-5403 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted for:  March 29, 2013 |

Defendant Christine Haueter moves to dismiss Plaintiff's claims against her for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 25.  Plaintiff George O. Mitchell filed a response in opposition.  ECF No. 31.  Plaintiff attached various documents to his response including portions of his medical chart, grievances, and letters.  These documents have not been considered by the Court.  *See Companelli v. Brockrath,* 100 F.3d 1476, 1479 (9th Cir. 1996) (court's review in deciding a motion to dismiss for failure to state a claim is generally limited to the complaint's contents)[1].

Defendant Haueter filed a reply.  ECF No. 33.  Having carefully considered the motion, opposition, Defendant Haueter's reply (ECF No. 33), and balance of the record, the Court recommends that the motion to dismiss be granted and that Plaintiff's claims be dismissed without leave to amend as he has failed to state a cognizable claim under 42 U.S.C. § 1983.

---

[1] Even if the Court were to consider the materials outside of Plaintiff's complaint, the facts as alleged, do not state a claim.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff George O. Mitchell is a resident of the Special Commitment Center (SCC) operated by the Washington State Department of Social and Health Services at McNeil Island. Plaintiff was civilly committed to the SCC as a sexually violent predator in April of 2003. *In re Detention of Mitchell,* 160 Wash.App. 669, 672, 249 P.3d 662, 662 (Div. 2, 2011).

This case is proceeding on Plaintiff's Amended Complaint. ECF No. 9. In his Amended Complaint, Mr. Mitchell alleges that defendants violated his civil rights by failing to adequately treat his Hepatitis C. ECF No. 9, ¶¶ 6.1 – 6.13. Plaintiff alleges that he tested positive for Hepatitis C in December 2000 and that during 2002 and 2003, he was receiving treatment at the Tacoma Digestive Disease Center with Dr. W. Michael Priebe. *Id.*, ¶¶ 5.1 – 5.7. In February 2003, Dr. Priebe and Plaintiff agreed to delay interferon/ribavirin treatment until after Plaintiff lost weight. *Id.*, ¶ 5.8. In April 2005, Plaintiff had lost thirty pounds, but he wanted to lose some more weight before starting treatment. *Id.*, ¶¶ 5.10 – 5.14. On December 28, 2008, Plaintiff sent a letter to Kim Deiteh, RN 3 "outlining nutritional issues for people with hepatitis C." He received no reply. *Id.*, ¶ 5.15. On May 6, 2009, Plaintiff met with Defendant Bell to review his blood tests, which confirmed that Plaintiff's hepatitis C was getting worse. Plaintiff asked Defendant Bell to start injections of interferon and ribarvirin. Defendant Bell refused, stating that African-Americans have a 30% success rate, that the treatment was expensive, that the virus would still be in his system, that Plaintiff was healthy and the treatment is hard on the body. Plaintiff disagreed with Defendant Bell and argued that he would have a better chance of completing the rigorous twelve month treatment while he was healthy. Defendant Bell refused to recommend him for the treatment. *Id.*, ¶¶ 5.19 – 5.27.

REPORT AND RECOMMENDATION - 2

In late July 2010, Plaintiff asked Nurse Deiteh about the letter he sent to her on December 28, 2008. She signed him up to meet with Randall Griffith ARNP and Ms. Christine Haueter, a dietician. On August 11, 2010, Defendant Griffith suggested that Plaintiff take a new blood pressure medicine, but Plaintiff refused because he believed it would have damaged his liver. *Id.*, ¶¶ 5.15, 5.20, 5.27, 5.32. Plaintiff asked Defendant Griffith to recommend a "nutritional diet consisting of freshly cooked food, and vitamins, reducing processed and canned foods with salt additives…". *Id.*, ¶ 5.34. Defendant Griffith told Plaintiff that he could recommend a low sodium or 2200 calorie diet, but that he lacked authority to direct Paul Temposky[2], the food services manager, to provide Plaintiff with the diet he was requesting. *Id.*, ¶ 5.35. Thereafter, on August 18, 2010, Plaintiff met with Defendant Christine Haueter, a dietician. *Id.*, ¶ 5.36.

When he met with Defendant Haueter on August 18, 2010, Plaintiff asked her to start him on a "nutritional diet to reduce damage" to his liver and control his blood pressure. *Id.*, ¶ 5.38. Defendant Haueter told Plaintiff that she could not do so because Paul Temposky controls the kitchen. She suggested that Plaintiff buy vitamins and food from Albertson's Market. *Id.*, ¶¶ 5.39 – 5.41. On October 24, 2010, Plaintiff gave Defendant Haueter a copy of a letter he previously sent to Ms. Kim Deiteh RN 3 on December 28, 2008 (which outlined nutritional issues for people with hepatitis C from "The Complete Encyclopedia of Natural Healing"). *Id.*, ¶ 5.42 (citing ¶ 5.15). Plaintiff alleges that Defendant Haueter's September 8, 2010 letter in reply was "informative" but offered no resolution of his "serious medical condition and reasonable concerns." *Id.*, ¶¶ 5,42, 5.43.

---

[2] Plaintiff refers to Paul Temposky as "Defendant Temposky." Paul Temposky was named as a defendant in the original complaint, but is not named as a defendant in the Amended Complaint.

REPORT AND RECOMMENDATION - 3

## STANDARD OF REVIEW

A court will dismiss a claim if it lacks sufficient factual material to state a claim that is plausible on its face. Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). A complaint that merely restates the elements of a cause of action and is supported only by conclusory statements cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-66. When evaluating a motion to dismiss, a court is not required to accept as true factual allegations that are based on unwarranted deductions of fact or inferences that are unreasonable in light of the information provided in the complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court may, in its discretion, dismiss a prisoner's complaint with or without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969), *reh'g denied*, 396 U.S. 869, 90 S. Ct. 35 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972), *reh'g denied*, 405 U.S. 948, 92 S. Ct. 963 (1972). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). A motion to dismiss only admits, for the purposes of the motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also*, *Jones v. Community Redevelopment Agency*, 733 F.2d 646,

REPORT AND RECOMMENDATION - 4

649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1) requires:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

## STATEMENT OF THE CASE

Material allegations in the Amended Complaint indicate that Plaintiff sought to be placed on a "nutritional diet" which he describes as consisting of freshly cooked food, less processed and canned foods with salt additives, and vitamins so that he could lose weight before beginning interferon/ribavirin treatment. He asked Defendant Haueter, a dietician who formerly worked at the SCC, to place him on this diet. He also informed Defendant Haueter of the conversations that he had previously with Dr. Bell, who refused to start him on the interferon/ribavirin treatments and Defendant Griffith, who had told him that he had no authority to provide Plaintiff with the type of "nutritional diet" that Plaintiff was requesting. When he asked Defendant Haueter to provide him with the "nutritional diet", she also advised him that she lacked the authority to provide him with the diet he was requesting. She also advised him of the type of approved diets that were available at the SCC. In addition, she suggested that Plaintiff buy his own vitamins and food. ECF No. 9, ¶¶ 5.34 – 5.43.

Plaintiff asserts that Defendant Haueter's failure to provide him with a nutritional diet "for his serious medical conditions" constitutes deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment. *Id.*, ¶ 6.10.

REPORT AND RECOMMENDATION - 5

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (1977). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976).

REPORT AND RECOMMENDATION - 6

Plaintiff alleges that Defendant Haueter's failure to provide him with "nutritional diets for Plaintiff['s] serious medical needs" is a violation of his Fourteenth Amendment rights. ECF No. 9, ¶ 6.10.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The rights of one who is civilly committed are analyzed using the same standards that apply to pretrial detainees. *Jones v. Blanas*, 393 F.3d 918, 931–32 (9th Cir.2004). The Eighth and Fourteenth Amendments both guarantee that inmates and detainees receive constitutionally protected medical care. *Conn v. City of Reno*, 572 F.3d 1047, 1054 (9th Cir.2009). An officer's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment, and *a fortiori*, the Fourteenth. *Id*. at 1054–55.

The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (*citing Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id*.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

REPORT AND RECOMMENDATION - 7

cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980), *citing Estelle*, 429 U.S. at 105–06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir.1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir.1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

Plaintiff's allegations against Defendant Haueter are taken as true for this 12(b)(6) motion. Liberally construed, Plaintiff's amended complaint alleges that Defendant Haueter knew he had Hepatitis C and that he wanted to lose weight prior to the start of treatment for his condition. According to Plaintiff, Defendant Haueter also knew that Dr. Bell had refused to provide Plaintiff with interferon and ribavirin treatments and that Defendant Griffith had told him that he lacked authority to direct Paul Temposky to give Plaintiff a diet that differed from the alternative diets already approved at the SCC. Finally, when Plaintiff asked Defendant Haueter to provide the diet he requested, she advised him of the diets available at the SCC, told him she lacked authority to direct Paul Temposky to give Plaintiff the diet he was requesting, and suggested that he supplement his diet by purchasing vitamins and food.

Plaintiff does not allege that Defendant Haueter knew of and disregarded an excessive risk to his health by telling him that she could not direct the food services manager to provide

REPORT AND RECOMMENDATION - 8

him with the particular diet he requested. He acknowledges in his allegations that Defendant Haueter met with him, explained that she did not have the authority to order a diet that differed from the SCC approved diets, suggested that he could purchase his own vitamins and food, and that she sent him an "informative" letter. These allegations do not give rise to a claim of callous disregard. Rather, they reflect that Plaintiff is being denied the type of treatment and diet that he would like to receive. However, a claim of deliberate indifference requires more than a different of opinion between the patient and prison medical authorities regarding treatment. *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981)(*citing Estelle v. Gamble*, 428 U.S. at 105-107).

Plaintiff argues that Defendant Haueter refused to take action on his behalf, that she should have overriden the food services manager to provide him with the diet he requested, that she should have informed her superiors that he was being subjected to medical abuse, that she knew that he believed he was being refused treatment because he is African American and that the treatment was too expensive. ECF No. 31, p. 7. He asks that he be allowed to amend his complaint. These allegations, however, do not give rise to a constitutional claim against Defendant Haueter. Liberally construed, the allegations do no more than reiterate that Plaintiff believes he should have been given a particular treatment and diet and that he is being wrongfully denied them. There is nothing contained in these allegations to suggest that Plaintiff's inability to obtain the medication and diet he desired was the result of indifference by Defendant Hauter. Further, the allegations do not establish that Defendant Haueter knew of and disregarded a known excessive risk to his health when she did not take steps to provide Plaintiff with a diet of his choosing. All that can be inferred is that Defendant Haueter knew that Plaintiff

REPORT AND RECOMMENDATION - 9

believed he was being wrongfully denied treatment.  As noted above, Plaintiff cannot succeed on the merits based on his own general disagreement with the treatment he has received.

### CONCLUSION

The undersigned recommends that Defendant Haueter's motion to dismiss (ECF No. 25) be **GRANTED** and that Plaintiff's claims against her be **dismissed with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 29, 2013**, as noted in the caption.

**DATED** this  11th  day of March, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10