UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE O. MITCHELL,

                      Plaintiff,

    v.

STATE OF WASHINGTON, KELLY J. CUNNINGHAM, THOMAS BELL, RANDALL GRIFFITH, CHRISTINE HAUETER,

                      Defendants.

No. C12-5403 BHS/KLS

ORDER DENYING PLAINTIFF'S MOTIONS FOR COUNSEL AND STAY AND GRANTING LIMITED EXTENSION OF DISCOVERY

      Before the Court are Plaintiff's motion for the appointment of counsel (ECF No. 36) and Motion for Enlargement of Discovery or Stay (ECF No. 38). Plaintiff George O. Mitchell asks the Court for the appointment of counsel or alternatively, to stay his claims for approximately eight months until completion of his Hepatitis C treatment and then to "restart the discovery dates." ECF No. 38. Defendants Thomas Bell, Kelly J. Cunningham, and State of Washington (the "State Defendants") object to the requests. ECF No. 53. Defendant Griffith joins the State Defendants in objecting to Plaintiff's requests. ECF No. 55. Plaintiff filed a reply. ECF No. 57.

      After Plaintiff filed the instant motions, Defendant Griffith and the State Defendants filed motions for summary judgment. ECF Nos. 43 and 46, respectively. These motions are noted for May 17, 2013.

      For the reasons set forth below, the Court finds that Mr. Mitchell's motions should be denied, except that the Court will extend the discovery deadline for sixty days for the limited

ORDER- 1

purpose of allowing Mr. Mitchell to engage in discovery with Defendant Bell, who has recently been served in this matter. For that reason, the Court will defer its consideration of the State Defendants' motion for summary judgment (ECF No. 46), but Defendant Griffith's motion for summary judgment (ECF No. 43) shall be considered as presently noted.

## BACKGROUND

In his complaint, Mr. Mitchell claims he was deprived under Title 42 U.S.C. §§ 1983 and 1997 of his constitutional right to medically necessary care – claiming the Special Commitment Center (SCC) failed to adhere to his requests for Interferon & Ribavirin treatments in May 2009 and his request for a Hepatitis-C Diet of fresh fruits, vegetables, and herbal supplements in 2010. ECF No. 9.

In his reply, Mr. Mitchell states that he began Hepatitis-C treatment on October 11, 2012. During November 2012, Mr. Mitchell experienced side-effects including blurry vision, headaches, aching muscles, and hot and cold chills. ECF No. 57, at 2. He also claims that he suffered an emotional "meltdown" during which he engaged in a fight and was put in an Intensive Management Unit. In December 2012, he suffered from hot flashes, his "variety of symptoms" was considered as "mitigating/aggravating" circumstances at his Administrative Review Hearing relating to the fight in November, and he was issued a loner television because he was becoming claustrophobic. *Id.*, at 2-3. Mr. Mitchell received copies of his SCC medical chart in December 2012 from the Defendants, but "was so sick from the medication to do his own discovery." *Id.*, at 3. In January 2013, Mr. Mitchell states that he suffered from dry skin and needed an extension of his deadline to respond to Defendants' discovery requests due to his inability to function from the side-effects of his treatments. *Id.* at 4. Mr. Mitchell's Hepatitis-C

ORDER- 2

treatment was stopped on January 15, 2013 and thereafter, he "could think more clearly and didn't feel so confused in my thought process." *Id.* at 5.

Mr. Mitchell states that he will begin a new course of treatment of Interferon, Ribavirin, and Telaprevir that will continue until February 2014. ECF No. 57, at 6. It is not known whether Mr. Mitchell has begun this treatment since filing his reply on May 3, 2013.

To date, Mr. Mitchell's *pro se* filings in this case, include the following:

1) On May 16, 2012, Mr. Mitchell filed his Complaint and motion for leave to proceed *in forma* pauperis. ECF No. 1 and 4.

2) On August 23, 2012, Mr. Mitchell filed his Amended Complaint. ECF No. 9.

3) On November 14, 2012, Mr. Mitchell requested an extension of his deadline to respond to Defendant Haeuter's motion to dismiss, claiming that side effects from his Hepatitis C medication were interfering with his ability to file a response. ECF No. 27. Defendant Haueter did not oppose his request (ECF No. 28) and the extension was granted (ECF No. 29).

4) On December 17, 2012, Mr. Mitchell filed an eight-page opposition to Ms. Haueter's motion with supporting affidavits and exhibits. ECF No. 31.

5) In December 2012, Mr. Mitchell was provided with copies of his SCC medical chart (when copies were distributed to the parties and their counsel). ECF No. 54, Declaration of Amanda Bley, at ¶ 2. He has not sought any further discovery. *Id.*

6) On January 17, 2013, Mr. Mitchell answered Defendant Griffith's First Interrogatories and Requests for Production. On February 27, 2013, Mr. Mitchell supplemented his responses. ECF No. 55; ECF No. 56, Declaration of Gerrit J. Ayers, Attachment A.

7) On January 17, 2013, Mr. Mitchell responded to Defendant Griffith's Request for Statement of Damages. ECF No. 55; ECF No. 56, Ayers Decl., Attachment B.

ORDER- 3

8) On March 7, 2013, Mr. Mitchell responded to Defendant Griffith's First request for Admission. ECF No. 55; ECF No. 56, Ayers Decl., Attachment C.

9) On March 8, 2013, Mr. Mitchell responded to Defendant Griffith's Second Request for Production. ECF No. 55; ECF No. 56, Ayers Decl., Attachment E.

10) On March 14, 2013, Mr. Mitchell sat and fully cooperated in his deposition. ECF No. 54, Bley Decl., Exhibit 1.

11) On March 27, 2013, Mr. Mitchell filed a motion to dismiss Christine Haeuter. ECF No. 40.

From November 2012 to February 2013, Mr. Mitchell maintained regular employment through the SCC Adult Training Program as a maintenance department worker:

> Q. And you've been working in maintenance since at least December of last year?
>
> A. Still been pulling myself up and going to maintenance, yes.
>
> Q. Because I checked with [Bill Graves], and it seems to me you've been working at least 15 out of the 20 days you were supposed to in December, 20 out of the 21 days you were supposed to work in January, and 11 out of the 19 days you were supposed to work in February. Does that sound about right to you?
>
> A. Might be. I'm not sure exactly.
>
> Q. Is there any reason to doubt that those numbers are close?
>
> A. I never really thought about it until you had the numbers now. So I wasn't like one way or the other. You know, it's not really – how can I say it? It wasn't that important.
>
> Q. Okay. But the fact of the matter is, you were still up and around in December, January, and February, at least going to work?
>
> A. Yes.

ECF No. 54, Bley Decl., at Exh. 1 (Deposition of George Mitchell at 15:6 – 15:23).

ORDER- 4

## DISCUSSION

**A.      Motion for Counsel (ECF No. 36)**

Mr. Mitchell's first motion for counsel filed on June 25, 2012 (ECF No. 6) was denied (ECF No. 7).  In this motion, Mr. Mitchell states that he requires counsel because the side-effects of Hepatits C treatment, which began in October 2012 and ended in January 2013, render him "physically, mentally, and emotionally incapable of litigating this case." ECF No. 46.  On May 13, 2013, Mr. Mitchell stated that he will begin a new course of treatment of Interferon, Ribavirin, and Telaprevir that will continue until February 2014.  ECF No. 57, at 6.  It is not known whether he has, in fact, started this treatment.

No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

ORDER- 5

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

The record reflects that Mr. Mitchell has shown an ability to more than adequately articulate his claims, request extensions of time, and respond to motions. He has demonstrated a familiarity with the Court rules and the law pertaining to his claims. Mr. Mitchell's complaints of side-effects from his medication from October 2012 to January 2013 did not hinder his ability to appropriately litigate his case and participate in discovery during that time period. This case does not involve complex facts, laws, or a large number of issues or parties. Mr. Mitchell argues that his case has merit because his SCC provider did not agree with the treatment plan suggested by his specialist. ECF No. 57, at 9. This is insufficient to show that he is likely to succeed on the merits of his case. Accordingly, his motion for the appointment of counsel is denied.

**B.     Motion for Stay/Extended Discovery (ECF No. 38)**

Mr. Mitchell also requests a stay of this case for the next eight months and a "restart" of the discovery dates until he "completes the Hepatitis-C treatment (12 month)". ECF No. 38. As noted above, Mr. Mitchell's Hepatitis-C treatment was discontinued in January 2013, but he states that he will be starting a treatment of Interferon, Ribavirin, and Telaprevir, which treatment will continue until February 2014. ECF No. 57, at 6.

The Pretrial Scheduling Order issued on September 27, 2012 provided for a discovery deadline of March 29, 2013. ECF No. 23. According to the State Defendants, Mr. Mitchell has

ORDER- 6

been provided with copies of all discovery between the parties, has had the full benefit and review of his SCC medical records since December 2012, and has sought no other discovery. However, the Court is mindful that Mr. Mitchell's motion was filed before the discovery deadline and before Defendants filed their motions for summary judgment. The Court is also aware that Defendant Thomas Bell's location was not known until March 15, 2013. ECF No. 39. One month after providing Dr. Bell's address, the State Defendants (including Dr. Bell) filed a motion for summary judgment. ECF No. 46. Mr. Mitchell argues, and the Court agrees, that it was not possible for Mr. Mitchell to engage in any written or deposition discovery of Dr. Bell, who resides out of state, before the discovery deadline of March 29, 2013. Therefore, the Court finds that a sixty day extension of the discovery deadline to allow Mr. Mitchell an opportunity to engage in discovery with Dr. Bell *only* is appropriate. The Court will defer consideration of the State Defendants' motion for summary judgment (ECF No. 46) pending the completion of that discovery.

As to the remaining defendants, Mr. Mitchell has not adequately explained his delay in pursuing discovery from September 2012 until March 2013. The side-effects from his medication between October 2012 and January 2013 do not adequately explain his delay in pursuing any discovery at all, particularly when the Court considers that he sought extensions and was able to respond to motions and discovery requests during that time. After his treatment was stopped in January 2013, three months remained before the discovery deadline expired, but Mr. Mitchell sought no extension of the deadline. In addition, he does not describe what additional evidence he requires or explain how any such evidence is pertinent to his claims. Thus, an extension of discovery as to the remaining defendants is not warranted and the Court

ORDER- 7

will not defer its consideration of Defendant Randall Griffith's motion for summary judgment (ECF No. 43).

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for the appointment of counsel (ECF No. 36) is **DENIED.**

(2) Plaintiff's motion to stay and restart discovery (ECF No. 38) is **DENIED, except that** the discovery deadline is extended until **July 31, 2013 for the limited purpose of allowing Plaintiff to send written discovery to and/or schedule the telephonic deposition of Defendant Bell only.**

(3) The noting date of State Defendants' Motion for Summary Judgment (ECF No. 46) is **stricken.** The Clerk shall **re-note** the motion for **August 23, 2013**. Plaintiff's response to Defendants' motion is due on **August 19, 2013**; Defendants's reply is due on **August 23, 2013.**

(4) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this  24th  day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER- 8