1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE O. MITCHELL,

                              Plaintiff,

v.

STATE OF WASHINGTON, et al.,

                              Defendants.

CASE NO. C12-5403 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

13    This matter comes before the Court on the Report and Recommendation ("R&R")

14  of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 82), and

15  Plaintiff George Mitchell's ("Mitchell") objections to the R&R (Dkt. 83).

16    On September 5, 2013, Judge Strombom issued the R&R recommending that the

17  Court grant Defendants' motion for summary judgment, dismiss Mitchell's federal claims

18  with prejudice, and dismiss Mitchell's state claims without prejudice.  Dkt. 82.  On

19  September 26, 2013, Mitchell filed objections.  Dkt. 83.

20    The district judge must determine de novo any part of the magistrate judge's

21  disposition that has been properly objected to. The district judge may accept, reject, or

22

1  modify the recommended disposition; receive further evidence; or return the matter to the

2  magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

3  **A.    Appointment of Counsel**

4       Mitchell argues that Judge Strombom abused her discretion by denying his motion

5  to appoint counsel.  Dkt. 83 at 3–6.  There is no right to have counsel appointed in cases

6  brought under 42 U.S.C. § 1983.  Although the court, under 28 U.S.C. § 1915(e), can

7  request counsel to represent a party proceeding *in forma pauperis*, the Court may do so

8  only in exceptional circumstances.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.

9  1997).  A finding of exceptional circumstances requires an evaluation of both the

10 likelihood of success on the merits and the ability of the plaintiff to articulate his claims

11 pro se in light of the complexity of the legal issues involved.  *Wilborn v. Escalderon*, 789

12 F.2d 1328, 1331 (9th Cir. 1986).

13      In this case, the Court finds that Judge Strombom did not abuse her discretion by

14 denying Mitchell's motion to appoint counsel.  Mitchell has failed to show that

15 exceptional circumstances exist as he is clearly able to articulate his claims and cite

16 relevant case law.  Therefore, the Court denies Mitchell's objections on this issue.

17 **B.    Eleventh Amendment**

18      In their motion for summary judgment, Defendants Cunningham and Bell argued

19 that claims for damages were barred by the Eleventh Amendment.  Dkt. 46 at 8.  Mitchell

20 failed to respond to this argument.  *See* Dkt. 76.  Judge Strombom granted the motion on

21 this issue based on Mitchell's concession at his deposition that he was only suing these

22 defendants in their official capacity.  Dkt. 82 at 10.  Mitchell objects to the R&R on this

1  issue arguing that he "erred on the record when answering" the questions in his

2  deposition.  Dkt. 83 at 6.  Mitchell cannot overcome an important concession by stating

3  for the first time that he "erred" in his answer.  Even if he could, his burden was to

4  produce facts to show that material questions of fact exist for trial on the issues in

5  question.  He failed to respond or direct Judge Strombom to facts that meet his burden.

6  Therefore, the Court adopts the R&R on this issue.

7  **C.      Declaration of Howard Welsh and Ricardo Cappello**

8          Along with his response, Mitchell submitted the declaration of Howard Welsh

9  (Dkt. 78) and Ricardo Cappello (Dkt. 79).  Judge Strombom excluded both declarations

10 from consideration.  Dkt. 82 at 16–18.  With regard to Mr. Welsh's declaration, Judge

11 Strombom found that it was not properly authenticated and failed to establish Mr. Welsh

12 as a reliable expert.  Mitchell objects to the exclusion of this declaration, but fails to

13 submit facts that solve either of the evidentiary problems.  Dkt. 83 at 7–11.  Therefore,

14 the Court adopts the R&R as to the declaration of Mr. Welsh.

15         With regard to the declaration of Mr. Cappello, Judge Strombom excluded the

16 declaration because Mr. Cappello is a fellow resident of the Special Commitment Center

17 and his declaration is irrelevant to any of Mitchell's claims.  Dkt. 82 at 18.  Mitchell

18 objects on the grounds that Mr. Cappello's declaration is relevant evidence in support of

19 the fact that Defendant Bell had previously failed to follow the appropriate standard of

20 care.  Dkt. 83 at 14–15.  Mitchell, however, fails to show that allegations of Defendant

21 Bell's previous misconduct are relevant to Mitchell's care.  Therefore, the Court adopts

22 the R&R as to the declaration of Mr. Cappello.

ORDER - 3

1   **D.**     **Declaration of Dr. Leslie Seizbert**

2         Mitchell objects to Judge Strombom's reliance on the declaration of Dr. Leslie

3 Seizbert because he argues that the declaration is misleading.  Dkt. 83 at 16.  Mitchell

4 contends that Dr. Seizbert "may have" overlooked some of Mitchell's medical records

5 before making his professional opinion.  *Id.*  Such an equivocal accusation fails to show

6 that Dr. Seizbert's opinion is unreliable.  Therefore, the Court adopts the R&R on this

7 issue.

8   **E.**     **Fourteenth Amendment**

9         Judge Strombom concluded that neither Defendant Bell nor Defendant

10 Cunningham violated Mitchell's Fourteenth Amendment right to reasonable medical

11 care.  Dkt. 82 at 15–16, 18–20.  Mitchell objects to these conclusions.  Dkt. 83 at 12–15.

12 Mitchell, however, fails to show that Judge Strombom erred and essentially disagrees

13 with her conclusions.  The Court has reviewed the findings and conclusions on these

14 issues and finds that there is no reason to deny, alter, or amend the R&R.

15         Therefore, the Court having considered the R&R, Mitchell's objections, and the

16 remaining record, does hereby find and order as follows:

17         (1)     The R&R is **ADOPTED**;

18         (2)     Defendants' motion for summary judgment is **GRANTED** as to Mitchell's

19                     federal claims;

20         (3)     The Court **DECLINES** to exercise supplemental jurisdiction over

21                     Mitchell's state law claims;

22

(4)     The Clerk shall enter **JUDGMENT** in favor of Defendants on Mitchell's

        federal claims; and

(5)     This action is **DISMISSED**.

Dated this 2nd day of December, 2013.


BENJAMIN H. SETTLE
United States District Judge